UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

    - v -                             :     **AFFIRMATION**
                                            15 Cr. 581 (PAC)
**MIGUEL MOORE,**                       :

    Defendant.                        :

- - - - - - - - - - - - - - - - - - x

I, **Sarah H. Wolf, Esq.**, affirm as follows:

1. I am an attorney admitted to practice law in the State of New York and before the bar of this court. I am with the Federal Defenders of New York and I represent Mr. Miguel Moore in the above captioned indictment.

2. This Affirmation is made in support of Mr. Moore's pre-trial motion to suppress any physical evidence recovered as a result of the unlawful traffic stop on July 19, 2015, and for such other and further relief as this court may deem just and proper, pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure. All statements herein are based on information and belief, unless otherwise indicated.

3. Mr. Moore is charged with possession of a Ruger .9 mm pistol (the "firearm") following a felony conviction in

1

violation of 18 U.S.C. § 922(g)(1). The one count indictment is attached as Exhibit A.

4. As affirmed by Mr. Moore in his Declaration attached as Exhibit B, he was the subject of an illegal traffic stop by NYPD officers on July 19, 2015.

5. A map of the area where Mr. Moore was driving and was subsequently stopped is attached as Exhibit C. Nereid Avenue, which is parallel to and a block south of East 241 Street, runs Southwest-Northeast. Mundy Lane runs north-south and marks the boundary between the Bronx and Mount Vernon, New York. At the intersection of Mundy Lane, Pitman Avenue runs Southwest into the Bronx and Sandford Boulevard runs Northeast into Mount Vernon.

6. The discovery produced to the defense in this case contains no record of any traffic violation, or any evidence of other probable cause for the stop. The discovery does not contain any DNA or fingerprint evidence linking Mr. Moore to the firearm.

7. Mr. Moore first was charged with possession of the firearm in state court. Attached as Exhibit D is a copy of the state complaint sworn out by NYPD Officer Kevin Mockel. The complaint also names NYPD Officer David Sammarco as being involved in the stop, search and arrest. Attached as Exhibit E is the sworn

federal complaint. The federal complaint was sworn out by Eric Blachman, an Investigator at the U.S. Attorney's Office, who based the complaint on his conversations with "Officer-1" and "Officer-2." Based on a comparison of the two complaints, Officer-1 is Officer Mockel and Officer-2 is Officer Sammarco. The state and federal complaints are inconsistent in certain key respects. For example, they give different descriptions of when and where the officers activated their siren and lights, indicating that Mr. Moore should pull-over. They also provide contradictory accounts of which officer struggled with Mr. Moore inside the car.

8. The state and federal complaints not only are inconsistent, but they also recount events too unbelievable to be credited. For example, the complaints allege that Mr. Moore wrestled over a cocked and loaded firearm with Officers Mockel and Sammarco for several minutes both outside and inside the cabin of a car. During the struggle, Mr. Moore allegedly dropped and retrieved the gun several times, and pointed it at the officers, but incredibly, no shots were ever fired.

9. Based on all of the reasons set forth more fully in the Memorandum of Law, I respectfully submit that Mr. Moore's pretrial motion be granted in full.

Dated: December 7, 2015

New York, New York

/s/ Sarah H. Wolf
Sarah H. Wolf